IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY DONEL JOHNSON, 01779137, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:14-CV-2406-M |
| ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID, ) | |
| Respondent. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Procedural Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for robbery with two enhancement paragraphs. *State of Texas v. Gregory Donel Johnson*, No. F-11-27104-X (Crim. Dist. Ct. No. 6, Dallas County, Tex., Apr. 5, 2012). Pursuant to a plea agreement, he was sentenced to twenty-six years in prison. On May 16, 2012, the Fifth District Court of Appeals dismissed the appeal, finding Petitioner waived his right to appeal. *Johnson v. State*, No. 05-12-00613-CR, 2012 WL 1700707 (Tex. App. – Dallas, May 16, 2012).

On April 25, 2012, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Johnson*, No. 71,828-03. On July 11, 2012, the Texas Court of Appeals dismissed the petition

because Petitioner's direct appeal was still pending. On April 15, 2013, Petitioner filed a second state habeas petition. *Ex parte Johnson*, No. 71,828-07. On June 25, 2014, the Texas Court of Criminal Appeals denied the petition without written order.

On June 30, 2014, Petitioner filed this federal petition pursuant to 28 U.S.C. § 2254. He argues:

1. The trial court's supplemental jury instruction deprived him of a fair trial;

2. His waiver of proceeding to the jury for punishment and his appeal waiver were involuntary;

3. He received ineffective assistance of trial counsel;

4. He received ineffective assistance of appellate counsel;

5. The trial court erred when it imposed a sentence that exceeded the maximum range of punishment.

## II. Discussion

### 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

See 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the

writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

## 2. Trial Error

Petitioner was indicted for the offense of aggravated robbery, but the jury found him guilty of the lesser-included offense of robbery. He now claims the trial court erred when it submitted "supplemental jury instructions" which charged the lesser-included offense of robbery.

Whether an offense is a lesser-included offense for jury instruction purposes is generally a question of state law. *Ortega v. Stephens*, 784 F.3d 250, 253 n.3 (5th Cir. 2015). Under Texas law, the determination of whether a party is entitled to a lesser-included-offense instruction is a two-step process. First, the court looks at the charging instrument to determine whether the elements of the lesser-included offense can be deduced from the facts alleged in the indictment. *Hall v. State of Texas*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). This is the so-called "pleadings approach." In the second step, the court must consider "whether there is some evidence adduced at trial to support such an instruction." *Id.*

In this case, the indictment charged Petitioner with:

> [I]ntentionally and knowingly, while in the course of committing theft of property with intent to obtain or maintain control of said property, threaten and place Michael Hewitt in fear of imminent bodily injury and death, and the defendant used and exhibited a deadly weapon, to wit, a metal pipe.

(Court Record at 13.) This charge and the charge for robbery is the same, except that the added language of "threaten and place Michael Hewitt in fear of imminent bodily injury and death, and the defendant used and exhibited a deadly weapon, to wit, a metal pipe," raised the charge from robbery to aggravated robbery. *See* TEX. PEN. CODE §§ 29.02 and 29.03. Under the first step of the analysis, therefore, the parties were entitled to a lesser-included-offense instruction.

Under the second prong of the analysis, there must be some evidence to support a robbery instruction. In arguing for a direct verdict on the aggravated robbery charge, Defense counsel admitted the evidence was sufficient to show robbery. Counsel stated:

> I believe there is evidence sufficient there could be a robbery, and I believe there is evidence sufficient there is a burglary of a motor vehicle, which I have already pled guilty to for my client on his behalf, but there is no evidence that this is an aggravated robbery with serious bodily injury or the intent to cause serious bodily injury.

*Ex parte Johnson*, 71,828 -07 at 65.[1]

Petitioner has failed to show that the state court's denial of this claim was unreasonable or was contrary to clearly established federal law.

### 3. Involuntary Waiver and Election for Punishment

Petitioner claims his appellate waiver and his election for punishment by the judge rather than the jury were involuntary. After the jury returned a guilty verdict, Petitioner entered into a plea agreement with the State for a term of twenty-six years in prison. The plea agreement included an appeal waiver. Petitioner also signed an election for the judge to assess punishment.

Prisoners challenging their plea agreement must also overcome the presumption of regularity and "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32

---

[1]Respondent acknowledges that the trial transcript record is incomplete. *See* Resp. at 4.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**       Page -4-

(5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

Petitioner admits that he signed the plea agreement and election of punishment form due to the advice of his counsel. *Ex parte Johnson*, 71,828-07 at 30. Petitioner claims, however, that both his attorney and the court failed to provide him a clear understanding of the plea waiver and election of punishment.

The record shows Petitioner's attorney stated on the record that he advised Petitioner to accept the plea agreement and advised Petitioner there were no appealable issues. *Id.* at 52-53. Defense counsel and the court noted the plea agreement contained an appeal waiver, but they also stated Petitioner could raise constitutional claims in a writ. *Id.* Defense counsel specifically stated Petitioner could raise ineffective assistance of counsel claims or competency claims in a writ despite the appeal waiver. *Id.* at 51-53. Petitioner stated he would take his attorney's advice and accept the plea agreement. *Id.* at 53.

The record also shows that Petitioner signed the plea agreement, which stated he voluntarily waived his right to appeal. *Id.* at 25. Petitioner also signed the Trial Court's Certification of Defendant's Right to Appeal, which stated he waived his right to appeal. *Id.* at 23. Petitioner, however, claims the plea agreement he signed was blank regarding his right to appeal, and the Certification of Defendant's right to appeal was changed after he signed it. Petitioner raises only conclusory statements regarding these claims. Further, the fact that he was signing an appeal waiver was stated numerous times on the record. Petitioner has failed to show

that the state court's denial of this claim was unreasonable or was contrary to clearly established federal law.

4.   **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

A.   **Examining Trial**

Petitioner claims his counsel was ineffective because counsel failed to obtain an examining trial.

Under Texas law, a defendant in a felony case is entitled to a pre-indictment examining

trial. TEX. CODE CRIM. PROC. art. 16.01. A primary purpose of an examining trial is to determine if there is probable cause to hold a defendant for trial. *State ex. rel. Homes v. Salinas*, 784 S.W.2d 421, 424 (Tex. Crim. App. 1990) (citations omitted). The right to an examining trial terminates upon return of an indictment. *Id.*

In this case, the judge signed the order appointing counsel on August 30, 2011. (Court Record at 12.) Petitioner was indicted on September 14, 2011. (*Id.* at 13.) Petitioner has failed to show that had his counsel filed a motion for examining trial, the court would have granted the order, and an examining trial would have been scheduled and concluded prior to the September 14, 2011, indictment. Petitioner has also made no showing that the court would have found insufficient probable cause to hold him over for trial. Petitioner's claim should be denied.

**B.      Lesser-Included-Offense**

Petitioner argues his counsel was ineffective for failing to object to the lesser-included-offense instruction on burglary. As discussed above, either party was entitled to the lesser-included instruction on burglary. Additionally, it was reasonable trial strategy to accept a lesser-included instruction on burglary in an attempt to avoid an aggravated robbery conviction. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Petitioner's claim is without merit.

**C.      Appeal Waiver**

Petitioner claims his counsel was ineffective when he coerced Petitioner into waiving his right to appeal and advised Petitioner to sign the plea agreement. He claims: (1) his attorney coerced him into waiving his right to appeal by implying that the jury "would hurt him" because of the enhancement paragraphs; (2) his attorney told him there were no appealable issues; (3) he never went on record stating that he wished to waive his appeal; (4) his attorney altered the

paperwork to show he waived his appeal; (5) he signed a blank plea agreement and his attorney later filled out the appeal waiver.

The record shows Petitioner's attorney made the following statements to the court:

| | |
|---|---|
| DEFENSE: | So my advice is to withdraw this from the jury, let you sentence him in agreement with the government, waive his right to appeal, and move forward. These people are going to hurt him in my opinion with fourteen priors, 30-year conviction, a 20-year conviction, both enhanced. And it ain't going to be pretty; it will not be pretty. That's just my opinion, but a very qualified opinion. |
| COURT: | All right. Mr. Johnson, are you going to take your attorney's advice on this matter? |
| PETITIONER: | I am going to listen to him, yes. |

*Ex parte Johnson*, 71,828-07 at 53.

Although Petitioner claims his attorney's statements coerced his plea waiver and plea agreement, a defense attorney, "should make informed predictions" about the consequences of going to trial. *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). A defense attorney's warning about the potential for a lengthy prison sentence does not compromise the voluntariness of a guilty plea. *Urseti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987) (finding plea voluntary where attorney warned client he would be lucky to get 99 years if he went to trial). Petitioner has failed to show that his counsel's statements coerced his appeal waiver and plea agreement. Additionally, Petitioner clearly stated on the record that he was taking his attorney's advice to enter into the plea agreement and waive his right to appeal.

Petitioner's attorney also advised Petitioner to accept the plea agreement and waive his right to appeal because, in his opinion, there were no appealable issues and Petitioner could receive a much longer sentence from the jury. Petitioner's sentence range for robbery, enhanced

by two prior felonies, was twenty-five years to life in prison. TEX. PENAL CODE § 12.42(d). Under the plea agreement, Petitioner received a twenty-six year sentence. Petitioner has failed to show his attorney's advice was constitutionally ineffective.

Petitioner claims his attorney altered the Trial Court's Certification of Defendant's Right to Appeal form. The form shows a mark in the box stating that Petitioner has the right to appeal. *Ex parte Johnson*, 71,828-07 at 23. That mark is crossed out and it appears Petitioner's attorney placed his initials next to the crossed out area. *Id.* The box next to the line stating that Petitioner waived his appeal is checked. Petitioner signed the form and he also signed the plea agreement. *Id* at 23-24.

On the one hand, Petitioner claims he was coerced into waiving his right to appeal. On the other hand, he argues that his attorney altered forms and filled out the plea agreement without his knowledge that he was waiving his right to appeal. The Court finds Petitioner's claims are without merit. The trial records show that Petitioner's counsel and the court noted numerous times on the record and in Petitioner's presence that Petitioner was waiving his right to appeal. Petitioner confirmed on the record that he was accepting the plea agreement and was waiving his right to appeal. *Id.* at 51-53. Petitioner's claims are without merit.

### D. Appellate Counsel

Petitioner claims his appellate counsel was ineffective when counsel: (1) abandoned Petitioner's claim that the jury waiver was defective; (2) failed to investigate the record regarding Petitioner's claim that trial counsel altered the Trial Court's Certification of Defendant's Right to Appeal by checking the box waiving appeal; (3) failed to argue that Petitioner did not plead true to the enhancement paragraphs; and (4) failed to argue that the twenty-six year sentence exceeded

the maximum statutory sentence.

As discussed above, Petitioner has failed to establish that the jury waiver was defective or that trial counsel altered the Trial Court's Certification of Defendant's Right to Appeal to waive Petitioner's appellate rights without Petitioner's knowledge. Appellate counsel was not required to make frivolous arguments. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

Petitioner's claim that he did not plead true to the enhancement paragraphs is contradicted by the record. Petitioner's plea agreement stated he was convicted of robbery enhanced. *Ex parte Johnson*, No. 71,828-07 at 24. Although the judgment stated "N/A" regarding the enhancement paragraphs, the court transcripts show that Petitioner stipulated to the two enhancement paragraphs and the court found the enhancement paragraphs true. *Id.* at 53-56. "[I]n the event of a conflict between an oral judgment and a written order, the oral ruling prevails." *United States v. Loe*, 248 F.3d 449, 464 (5th Cir. 2001). Petitioner's claims are without merit.

Finally, Petitioner claims appellate counsel should have argued that the twenty-six-year sentence exceeded the statutory maximum sentence for robbery. Petitioner's conviction for robbery was enhanced by two prior felony convictions. His punishment range was twenty-five years to life in prison. TEX. PENAL CODE § 12.42(d). Petitioner has failed to show his counsel was ineffective for failing to raise this claim.

## 5. Void Sentence

Petitioner claims his sentence is void because the twenty-six-year sentenced exceeded the statutory maximum sentence. As discussed above, the record shows Petitioner was convicted of robbery, enhanced by two prior felony convictions. Petitioner's sentence range was twenty-five

years to life in prison. TEX. PENAL CODE § 12.42(d). Petitioner's twenty-six year sentence did not exceed the statutory maximum sentence.

### 6. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### III. Recommendation

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 1 day of September, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).