IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY DONEL JOHNSON, 01779137,   )<br>          Petitioner,                      )<br>                                                )<br>v.                                           )<br>                                                )<br>LORIE DAVIS, Director, TDCJ-CID,     )<br>          Respondent.                      )  | No. 3:14-CV-2406-M-BF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

I.

Petitioner filed a motion for leave to file a successive petition under 28 U.S.C. § 2254. (ECF No. 35.) For the foregoing reasons, the Court finds the motion should be construed as a successive petition and should be transferred to the Fifth Circuit Court of Appeals.

Petitioner challenges his conviction for robbery with two enhancement paragraphs. *State of Texas v. Gregory Donel Johnson*, No. F-11-27104-X (Crim. Dist. Ct. No. 6, Dallas County, Tex., Apr. 5, 2012). On September 29, 2015, the district court denied Petitioner's first § 2254 petition on the merits. On October 31, 2016, the Fifth Circuit Court of Appeals denied a certificate of appealability. On May 30, 2017, the Supreme Court denied certiorari.

On October 17, 2017, Petitioner filed the instant motion to file a successive petition. Petitioner argues he has newly discovered evidence of his actual innocence.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**            Page -1-

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

III.

The Court recommends that the motion to file a successive petition be construed as a successive § 2254 petition, and that the petition be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 25th day of October, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -3-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).